UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Aimee Johnson, et al.,

              Plaintiffs,

v.

St. Louis County Public Health & Human
Services, et al.,

              Defendants.

File No. 19-cv-111 (SRN/LIB)

**REPORT AND RECOMMENDATION**

---

This matter comes before the undersigned United States Magistrate Judge upon Defendants Lon Yoki, Laura Yoki, and Gayle[1] Koop's Motion to Dismiss, [Docket No. 21]; Defendant Joan Mahle's Motion to Dismiss, [Docket No. 27]; Defendants St. Louis County, Sarah Anderson, Hannah Jo Checketts, and Kelly Jane Thompson's Motion to Dismiss, [Docket No. 59]; Plaintiffs' Motion to "Vacate Termination of Parental Rights [and] Reinstate Parents [sic] Rights," [Docket No. 82]; Plaintiffs' Motion to "Vacate Termination of Parental Rights, Have Rights Reinstated, [and] Seek Relief From All Judgment Orders," [Docket No. 98]; Plaintiffs' Motion to "Vacate Termination of Parental Rights Contract, Reinstates Parental Rights, and Seek Relief From All Judgement Orders" and "Have Adoption Reversed," [Docket No. 101]; and Plaintiffs' Motion to "Grant Relief to Parents [and] Remove[] All Judgment Orders." [Docket No. 110]. Pursuant to a referral made in accordance with 28 U.S.C. § 636, the parties' Motions were referred to the undersigned by the Honorable Susan Richard Nelson. (Order of Referral [Docket No. 34]).

---

[1] Plaintiffs identify this Defendant as "Gail Koop," however, Defendant Koop has clarified the correct spelling of her name as "Gayle." (Defs.' Mem., [Docket No. 23], at 1 n.1). Accordingly, the Court uses the corrected spelling.

For the reasons discussed herein, it is recommended that the Defendants Lon Yoki, Laura Yoki, and Gayle Koop's Motion to Dismiss, [Docket No. 21], be **DENIED as moot**; Defendant Joan Mahle's Motion to Dismiss, [Docket No. 27], be **GRANTED in part and DENIED in part**; Defendants St. Louis County, Sarah Anderson, Hannah Jo Checketts, and Kelly Jane Thompson's Motion to Dismiss, [Docket No. 59], **GRANTED in part and DENIED in part**; Plaintiffs' Motion to "Vacate Termination of Parental Rights [and] Reinstate Parents [sic] Rights," [Docket No. 82], be **DENIED as moot**; Plaintiffs' Motion to "Vacate Termination of Parental Rights, Have Rights Reinstated, [and] Seek Relief From All Judgment Orders," [Docket No. 98], be **DENIED as moot**; Plaintiffs' Motion to "Vacate Termination of Parental Rights Contract, Reinstates Parental Rights, and Seek Relief From All Judgement Orders" and "Have Adoption Reversed," [Docket No. 101], be **DENIED as moot**; and Plaintiffs' Motion to "Grant Relief to Parents [and] Remove[] All Judgment Orders," [Docket No. 110], be **DENIED as moot**; and that the present action be **DISMISSED in its entirety**.

**I.      Background**[2]

The specific particularities of Plaintiffs' Amended Complaint are far from clear; however, Plaintiffs' Amended Complaint, as well as other documents they have submitted in the present case, challenge a prior Minnesota state courts proceeding in which their parental rights as to their two children were terminated. (See, Amended Compl. [Docket No. 10]). A review of the exhibits filed by Plaintiffs indicate that the underlying state court proceeding was In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357

---

[2] The facts in the present background are compiled from Plaintiffs' Amended Complaint, [Docket No. 10], as well as, judicial records in the state court case implicitly referenced in Plaintiffs' Amended Complaint. Generally, in evaluating a complaint, materials outside the pleadings cannot be considered on a motion to dismiss. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" such as judicial records. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079).

(St. Louis Cnty. Dist. Ct.). (See, Exhibits [Docket Nos. 4-2, 5, 5-1, 6-4, 8-1, 8-2, 8-3, 11, 11-1, 11-3]).

In the underlying state court case, St. Louis County Public Health and Human Services became involved with Plaintiffs in November of 2013, when Plaintiff Johnson reported that she had "concerns" about Plaintiff Jorgenson abusing the children. In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357, Petition Termination of Parental Rights (St. Louis Cnty. Dist. Ct. May 4, 2017).[3] After several more reports of "concern" from third-parties and continued interaction with social services, Plaintiff Johnson signed a "Voluntary Placement Agreement." Id. at 13. The children were then placed in foster care. Id. at 13.

While the children were in foster case, Plaintiffs expressed several concerns about the level of care the children were receiving, as well as, concerns about Plaintiffs' inability to participate in welfare decisions regarding the children. (Id. at 13–28). During that same time, the social workers, as well as, the guardian ad litem assigned to the case expressed several concerns regarding the level of care Plaintiffs had been providing the children and Plaintiffs interactions with the children during visitations. (See, Id.).

On May 4, 2017, the St. Louis County Department of Public Health and Human Services filed a Petition for the Termination of Parental Rights as to Plaintiffs and their two children. In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357, Petition Termination of Parental Rights (St. Louis Cnty. Dist. Ct. May 4, 2017). On

---

[3] As previously noted, a Court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record," such as judicial orders. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079). Accordingly, the Court may properly consider the materials filed in the underlying case, even though they were submitted by Defendants in the present case, because those materials are either matters of public record, judicial orders, or embraced by Plaintiffs' Amended Complaint.

January 16, 2018, Plaintiffs appeared, personally and through counsel, at a trial on the County's Petition for the Termination of Parental Rights. In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357, Order (St. Louis Cnty. Dist. Ct. Feb. 7, 2018). After the commencement of that trial, Plaintiffs "informed the Court that they would enter a voluntary termination of parental rights" based on the advice of their counsel. Id. at 3. The state court then "accepted the parents' voluntary terminations on the record and signed the appropriate papers." Id.

However, soon thereafter Plaintiffs filed motions in state court seeking permission to withdraw their consent to termination of parental rights. Id. On February 7, 2018, the state court entered an Order denying Plaintiffs' request to withdraw their voluntary termination of parental rights. Id. On February 16, 2018, the state court entered an Order terminating Plaintiffs' parental rights as to the two children. Id. Upon terminating Plaintiffs' parental rights and awarding guardianship of the children to the Minnesota Commissioner of Human Services for purposes of adoptive placement, the state court "closed" the state court case. Id.

On March 30, 2018, Plaintiffs each filed, in state court, a motion to reconsider and reopen the state court case in which their parental rights were terminated. In re Matter of Welfare of the Children of Aimee Renee Johnson & Brandon John Jorgenson, 69DU-JV-17-357, Order (St. Louis Cnty. Dist. Ct. April 9, 2018). Those motions to reopen the state court case were denied on April 9, 2018. Id. Nevertheless, Plaintiffs filed several more motions regarding requests to have their parental rights reinstated; however, each time the state court denied the request and informed Plaintiffs that the matter had been previously resolved. See, Id.

Plaintiffs initiated the present action on January 15, 2019, by filing their Complaint, [Docket No. 1], as well as, a litany of exhibits as attachments to their Complaint. (Exhibits

4

[Docket Nos. 2–8). Plaintiffs filed their Amended Complaint, [Docket No. 10], as well as, another score of exhibits, [Docket No. 11], on January 23, 2019.

In their Amended Complaint, Plaintiffs named as Defendants the St. Louis County Health and Human Services Department,[4] "Sarah Anderson (social worker)", "Hannah Jo Checketts (social worker)", "Kelly Jane Thompson (social worker)", "Joan Mahle (Guardian ad litem)", "Laura [and] Lon Yoki (foster parents)"; and Gayle "Koop (foster parent)." (Amended Compl. [Docket No. 10]).  With the limited exception of information identifying the parties, the entirety of Plaintiffs' Amended Complaint states as follows:

> Foster parent wrote untrue statements to the courts about mother, son which then would go to the Judge caused poor outlook for family. False reporting violated law as well as defaming someone reputation. Our civil rights were violated as well here. To deprived people not to have the right to speak have family time.
>
> Childrens wishes were never considered for their best interest. Just alienated family from one another these boys did have a close bond.
>
> Medication was not given or brought which had caused behaviors at visits. Which is considered medical neglect. Son was being disaplined [sic] from language he would hear in the home. He would have to sit in a bathroom (known as potty room to say bad words).

(Amended Compl., [Docket No. 10], at 4). In the portion of the Amended Complaint entitled "REQUEST FOR RELIEF," Plaintiffs wrote as follows:

> (1) Ask the court to reopen & have parental rights reinstated to plaintiffs
> (2) ask the courts that punitive damages be paid to Plaintiffs for many rights violated, Fraud, misrepresentation which voids contract by law. and ask all additional relief to which plaintiffs are intitled [sic] too for unjustly severing a family.

(Id.).

---

[4] Plaintiffs listed the St. Louis County Health and Human Services Department as a Defendant in the caption of the Amended Complaint, but they failed to list it as a Defendant in the body of the Amended Complaint form listing the contact information of each party. However, as the Court is required to liberally read pro se pleadings such as the present Amended Complaint, the Court will construe Plaintiffs' Amended Complaint in their favor as naming the St. Louis County Health and Human Services Department as a Defendant.

Each Defendant responded to Plaintiffs' Amended Complaint with a Motion to Dismiss, [Docket Nos. 21, 27, 59], and Plaintiff's filed several Motions seeking relief similar to, if not identical to, the relief sought in their Amended Complaint.

## II. Analysis

Liberally construing Plaintiffs' pleadings in their favor,[5] Plaintiffs assert that, during the course of the state child custody proceedings and review, the Defendants made certain misrepresentation to the Court regarding observations of Plaintiffs and their minor children interacting which, according to Plaintiffs, resulted in the termination of Plaintiffs' parental rights as to their two children. (See, Amend Compl. [Docket No. 10]). As relief, Plaintiffs now ask this Federal Court to "reopen" the underlying state court case, to reinstate their parental rights as to the two minor children, and to award "punitive damages" because the allegedly fraudulent misrepresentation violated Plaintiffs' "many right[s]." (Id. at 4).

In their Motion to Dismiss, [Docket No. 21], Defendants Lon Yoki, Laura Yoki, and Gayle Koop argue that Plaintiffs' Amended Complaint should be dismissed as to them because Plaintiffs lack standing to pursue their current claims. (Defs.' Mem. [Docket No. 23]). In the alternative, Defendants Lon Yoki, Laura Yoki, and Gayle Koop argue Plaintiffs' Amended Complaint should be dismissed because Plaintiffs' failed to state a claim upon which relief may be granted and because these three Defendants are entitled to an "absolute judicial privilege." (Id.).

In her Motion to Dismiss, [Docket No. 27], Defendant Joan Mahle argues that Plaintiffs' Amended Complaint should be dismissed with prejudice because she is protected by the doctrine of quasi-judicial immunity; because the Amended Complaint lacks any specific factual alleges as

---

[5] "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

6

to her involvement; because the Rooker-Feldman[6] doctrine deprives this Court of subject matter jurisdiction; because, as an employee of the State of Minnesota, she is protected by the doctrine of Eleventh Amendment immunity; and because she is entitled to qualified immunity. (Def.'s Mem., [Docket No. 30]).

Defendants St. Louis County, Sarah Anderson, Hannah Jo Checketts, and Kelly Jane Thompson also responded to Plaintiffs' Amended Complaint with their own Motion to Dismiss. [Docket No. 59]. The County Defendants argue that Plaintiffs' Amended Complaint should be dismissed with prejudice because Plaintiffs lack standing to raise their present claims; because Plaintiff failed to state a claim upon which relief may be granted; because they are protected by the judicial privilege defense; and because the Rooker-Feldman doctrine deprives this Court of subject matter jurisdiction.

Although all Defendants variously each raise several grounds as to whether or not the present action should be dismissed based on the merits of Plaintiffs' Amended Complaint, this Court must first address the issue of whether or not it has the requisite subject matter jurisdiction necessary to adjudicate Plaintiffs' claims. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see, Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."); United States v. Mayo Foundation, 729 F.3d 825, 828 (8th Cir. 2013) (acknowledging that the Court must address jurisdictional issues first); Johnson v. City of Shorewood, Minn., 360 F.3d 810, 818 (8th Cir. 2004) (stating that because the Rooker-Feldman "doctrine is jurisdictional, it may be raised sua sponte").

---

[6] Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

"The 'basic theory' of the Rooker-Feldman doctrine is 'that only the United States Supreme Court has been given jurisdiction to review a state-court decision,' so federal district courts generally lack subject-matter jurisdiction over 'attempted appeals from a state-court judgment.'" Friends of Lake View Sch. Dist. Incorporation No. 25 of Phillips Cty. v. Beebe, 578 F.3d 753, 758 (8th Cir. 2009) (citations omitted). Courts apply the doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those [state] judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

A party who was unsuccessful in state court thus "is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violated the loser's federal rights." Johnston v. DeGrandy, 512 U.S. 997, 1005–1006 (1994) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). The Eighth Circuit Court of Appeals has noted that the Rooker-Feldman doctrine "extends not only to 'straightforward appeals [of state court decisions] but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions.'" Ballinger v. Culotta, 322 F.3d 546, 547–48 (8th Cir. 2003) (quoting Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000)).

The doctrine deprives lower federal courts of jurisdiction over claims that are also "inextricable intertwined" with claims adjudicated in state court. Feldman, 460 U.S. at 482 n. 16. "A general federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'" Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (citing Pennzoil Co. v. Texaco,

Inc., 481 U.S. 1, 25 (1987)); see, Canal Capital Corp. v. Valley Pride Pack, Inc., 169 F.3d 508, 512 (8th Cir. 1999).

Pro se complaints and pleadings are to be construed liberally. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). "[I]f the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Id. (citing Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). However, "[p]ro se litigants are not excused from complying with court orders or substantive and procedural law." Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (citing Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984)).

In the present case, all of Plaintiffs' claims in their Amended Complaint fall squarely within and are therefore barred by the Rooker-Feldman doctrine because their claims either directly attack or are "inextricable intertwined" with the Order terminating their parental rights previously adjudicated in state court.

Plaintiffs here specifically ask this Court to "reopen" their state court case in which their parental rights were terminated, and for this proceeding to reinstate their parental rights because Plaintiffs believe the state court mishandled their state court case. (Amended Compl., [Docket No. 10], at 4). Plaintiffs have, however, already asked the state court to "reopen" their case and "reinstate" their parental rights as to their two children, and the state court has repeatedly declined to do so. Although many of Plaintiffs submitted exhibits focus on perceived misrepresentations in the documents upon which the state court based its findings, it is the state court's ultimate decision to terminate Plaintiffs' parental rights which Plaintiffs now attack here in this Federal Court.

Plaintiffs also seek an award of "punitive damages" for the "many right[s] violated, fraud, [and] misrepresentation which voids contract by law and ask [for] all additional relief to which plaintiff are [entitled to] for unjustly severing a family." (Amended Compl., [Docket No. 10], at 4). Here again, Plaintiffs allude to perceived misrepresentations certain Defendants allegedly made in documents upon which the state court based its various findings, and the relief sought by Plaintiffs (punitive damages) is for the perceived act of "unjustly severing a family." (Id.). While this is more indirect attack on the state court judgment, the claim for damages here can only succeed if this Court were to now seek to overturn the state court judgment.

Although Plaintiffs purport to base their various attacks on the perceived misrepresentations by Defendants in documents submitted to the state court and the "right[s]" which those perceived misrepresentations "violated," it is nonetheless the validity of the state court Order which Plaintiffs attack here. Plaintiffs' claims can only succeed, as noted, if this Court were to find that the state court wrongly decided and handled, the issue before it. The Court here could not grant Plaintiffs any form of requested relief without first invalidating the state court orders and concluding that the state court wrongly decided the issue before it. In fact, Plaintiffs specifically ask this Court to do just that. These are actions the Rooker-Feldman doctrine states this Court cannot take.

Accordingly, even reading the Amended Complaint as a whole, construing it liberally, and drawing all inferences in Plaintiffs' favor, the Court finds that all of the Plaintiffs' claims are "inextricable intertwined" with the judgment in state court, and their claims are therefore jurisdictionally barred by the Rooker-Feldman doctrine. See, Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000).[7]

---

[7] The Court notes that even to the extent Plaintiffs' Amended Complaint could be liberally construed as raising a separate state law defamation claim, based on the content of the Amended Complaint, there is no basis upon which

The undersigned further notes that were Plaintiffs' claims not barred by the Rooker-Feldman doctrine, the undersigned would still recommend that Plaintiffs' claims be dismissed as all of Plaintiffs' claims are precluded by the domestic relations exception.

"The domestic relations exception, first articulated in" Barber v. Barber, 62 U.S. 582 (1859), "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994); see, Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).[8] Even "when a cause of action closely related to but does not precisely fit into the contours of an action for divorce, alimony, or child custody, federal courts generally will abstain from exercising [domestic relations] jurisdiction." Id.

"[A] federal suit is 'inextricably intertwined' with a state domestic proceeding, thereby depriving the federal court of subject matter jurisdiction, where the requested federal remedy overlaps the remedy at issue in the state proceeding." Wallace v. Wallace, 736 F.3d 764, 767 (8th Cir. 2013) (citing Kahn, 21 F.3d at 861–62). "This occurs" under the domestic relations exception "where the federal suit involves a remedy which is essentially domestic," i.e., "where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in

---

this Court could alternatively exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In their Amended Complaint, Plaintiffs assert they are each citizens of Minnesota, and Defendants are each either citizens of Minnesota; sued in their capacities as employees of a subdivision of the State of Minnesota; sued in their capacity as an employee of the State of Minnesota; or in the case of the St. Louis County Health and Human Services, sued as a department of a political subdivision of the State of Minnesota. Accordingly, even to the extent Plaintiffs' Amended Complaint could be broadly and liberally construed as raising an independent state law defamation claim, the Court would still lack the subject matter jurisdiction necessary to adjudicate that claim because there is no diversity among the parties.

[8] Courts, including the Eighth Circuit Court of Appeals, have applied the "domestic relations exception" to cases based upon federal diversity jurisdiction, as well as, cases based upon federal question subject matter jurisdiction. See, Sturgeon v. Benton, 242 F.3d 376 (8th Cir. 2000) (citing Kahn and the domestic relations exception as a basis to hold that the "district court lack jurisdiction to hear" plaintiff's "civil rights action, in which he asserted the violations of his rights under 42 U.S.C. §§1983, 1985, and 1986") (unpublished); Harris v. Juvenile Court Saint Paul Minnesota, No. 16-cv-4007 (DWF/BRT), 2017 WL 1102850, at *2 (D. Minn. Feb. 8, 2017), report and recommendation adopted, 2017 WL 1102689 (D. Minn. Mar. 23, 2017).

the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." Id.

Plaintiffs' present action falls squarely within the domestic relations exception. If this federal court were to grant Plaintiffs the relief request here, that award would undermine the domestic relations judgment of the state court regarding the custody and adoption of children. Reopening the underlying state court case, reinstating Plaintiffs' parental rights as to the two minor children, and vacating an Order for adoption would require this Federal Court to vacate the state court judgment, as well as, at least, three other subsequent and directly related state court Orders in the underlying state court case. These are actions this Federal Court cannot take. See, Wallace v. Wallace, 736 F.36 764, 767 (8th Cir. 2013); Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994).

Thus, the Court finds that Plaintiffs' claims in their Amended Complaint are all also jurisdictionally precluded by the domestic relations exception.

### III.   Conclusion

Even reading the Amended Complaint as a whole, construing it liberally, and drawing all inferences in Plaintiffs' favor, the claims raised in Plaintiffs' Amended Complaint are barred by the Rooker-Feldman doctrine, and in the alternative, Plaintiffs' claims are also fully precluded by the domestic relations exception to this Court's subject-matter jurisdiction.

As this Court's lacks subject matter jurisdiction over the present action, the recommended dismissals will be without prejudice. See, Jenkins v. Bowker, No. 19-cv-1051 (NEB/LIB), 2019 WL 2931581, at *2 (D. Minn. June 4, 2019), report and recommendation adopted, 2019 WL 2921796 (D. Minn. July 8, 2019).

Defendant Joan Mahle's Motion to Dismiss, [Docket No. 27], as well as, Defendants St. Louis County, Sarah Anderson, Hannah Jo Checketts, and Kelly Jane Thompson's Motion to Dismiss, [Docket No. 59], each further request the present action be dismissed with prejudice. Because the Court lacks subject matter jurisdiction, it cannot dismiss the claims against them with res judicata effect. Accordingly, the Court will recommend that Defendant Mahle's Motion, and Defendants St. Louis County, Sarah Anderson, Hannah Jo Checketts, and Kelly Jane Thompson's Motion, be granted in part and denied in part. More precisely, it is recommended the Motions to dismiss be granted, but that to the extent the Motions seek the present action be dismissed with prejudice they are denied.

Defendants Lon Yoki, Laura Yoki, and Gayle Koop's Motion to Dismiss, [Docket No. 21], requests the present action be dismissed with prejudice based on the merits of Plaintiffs' claims. The Court, however, lacks the subject matter jurisdiction to adjudicate the merits of Plaintiffs' claims or therefore dismiss the present action with prejudice. Accordingly, it will be recommended that Defendants Lon Yoki, Laura Yoki, and Gayle Koop's Motion be denied as moot, and that the Plaintiffs' claims here be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiffs also brought a Motion to "Vacate Termination of Parental Rights [and] Reinstate Parents [sic] Rights," [Docket No. 82]; a Motion to "Vacate Termination of Parental Rights, Have Rights Reinstated, [and] Seek Relief From All Judgment Orders," [Docket No. 98]; a Motion to "Vacate Termination of Parental Rights Contract, Reinstates Parental Rights, and Seek Relief From All Judgement Orders" and "Have Adoption Reversed," [Docket No. 101]; and a Motion to "Grant Relief to Parents [and] Remove[] All Judgment Orders," [Docket No. 110]. Each of Plaintiffs' pending Motions seeks ostensibly identical relief as that sought in their

Amended Complaint and are based on the same allegations raised in the Amended Complaint. Accordingly, in light of the Court's previous determination that it lacks subject matter jurisdiction to hear any part of this case, it will recommend that all of Plaintiffs' Motions be denied without prejudice as moot.

Therefore, based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendants Lon Yoki, Laura Yoki, and Gayle Koop's Motion to Dismiss, [Docket No. 21], be **DENIED without prejudice as moot**;

2. Defendant Joan Mahle's Motion to Dismiss, [Docket No. 27], be **GRANTED in part and DENIED in part**;

3. Defendants St. Louis County, Sarah Anderson, Hannah Jo Checketts, and Kelly Jane Thompson's Motion to Dismiss, [Docket No. 59], be **GRANTED in part and DENIED in part**;

4. Plaintiffs' Motion to "Vacate Termination of Parental Rights [and] Reinstate Parents [sic] Rights," [Docket No. 82], be **DENIED without prejudice as moot**;

5. Plaintiffs' Motion to "Vacate Termination of Parental Rights, Have Rights Reinstated, [and] Seek Relief From All Judgment Orders," [Docket No. 98], be **DENIED without prejudice as moot**;

6. Plaintiffs' Motion to "Vacate Termination of Parental Rights Contract, Reinstates Parental Rights, and Seek Relief From All Judgement Orders" and "Have Adoption Reversed," [Docket No. 101], be **DENIED without prejudice as moot**;

7. Plaintiffs' Motion to "Grant Relief to Parents [and] Remove[] All Judgment Orders," [Docket No. 110], be **DENIED without prejudice as moot**; and

8.  The present action be **DISMISSED in its entirety without prejudice**.


Dated: August 28, 2019                              s/Leo I. Brisbois
                                                    Hon. Leo I. Brisbois
                                                    U.S. MAGISTRATE JUDGE


**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).